UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

KELLY S. COOLIDGE,              )
        Plaintiff,              )
                               )
vs.                             )        1:06-cv-1388-SEB-TAB
                               )
CONSOLIDATED CITY OF            )
INDIANAPOLIS AND MARION         )
COUNTY,                         )
        Defendant.              )

**ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause comes before the court on the Motion to Dismiss [Docket No. 6] filed by Defendant, Consolidated City of Indianapolis and Marion County ("the City"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff Kelly S. Coolidge ("Coolidge") filed this lawsuit – her third against the City, her former employer – for conduct alleged to be in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983.  Coolidge maintains that the City sexually discriminated and retaliated against her when it terminated her employment in May 2005.

The City moves to dismiss Coolidge's claims on the basis that the action is barred by the doctrines of issue preclusion and claim preclusion, because the Court has previously addressed and ruled on Coolidge's current claims in prior litigation between the parties – specifically, in our entry granting the City's motion for summary judgment in <u>Coolidge v. Consolidated City of Indianapolis and Marion County</u>, cause number 1:04-cv-1240-SEB-VSS [Docket No. 90].  For the reasons detailed below, we <u>GRANT</u> the

City's Motion to Dismiss.

## **Factual and Procedural Background**

Coolidge, a former employee of the Indianapolis-Marion County Forensic Services Agency (or "Crime Lab"), initially filed suit on December 4, 2001 against the City for violation of Title VII, in cause number IP01-1836-C-M/S ("Coolidge I"), based on allegations that she had been sexually harassed by her coworker, David Willoughby. Certain of Coolidge's claims survived summary judgment and proceeded to jury trial; the parties eventually resolved the lawsuit via post-verdict settlement.

On July 28, 2004, Coolidge filed a second lawsuit against the City in cause number 1:04-cv-1240-SEB-VSS ("Coolidge II") alleging sex discrimination and retaliation, in violation of Title VII and 42 U.S.C. § 1983.  In her complaint, Coolidge again alleged harassment by Willoughby (in large part stemming from Coolidge's being caused to view of pornographic videotapes apparently belonging to Willoughby), and also cited the City's failure to promote Coolidge in March 2003, when it instead hired a male employee, Sami Mekki, for a job that Coolidge had sought.  The Coolidge II complaint also alleged that the City had retaliated against Coolidge by issuing her a written reprimand for making personal copies of the pornographic tapes as evidence of sexual harassment to be used in her lawsuit.  Coolidge II Complaint ¶¶ 24-39.

During the pendency of Coolidge II, Coolidge gave a copy of a Crime Lab work product to her attorney as purported evidence that Mekki had made an error on a case file

2

(and was therefore unqualified for the job for which he was hired over Coolidge).  When the City learned of Coolidge's action, it terminated her employment, because of her violation of Crime Lab policy and her previous disciplinary record.  The termination occurred on May 19, 2005.

On August 29, 2005, the City moved for summary judgment in Coolidge II.  The City's memorandum in support of its summary judgment motion included extensive facts and argument regarding the termination of Coolidge's employment.  Coolidge II Def.'s Mem. at 9-10, 22-26.  In her brief in opposition to the City's motion and subsequent surreply, Coolidge also addressed her termination in detail and alleged that it demonstrated that the City had illegally retaliated against her.  Coolidge II Pl.'s Resp. 5-6, 19-25, 28, 31-34; Coolidge II Pl.'s Surreply 14, 16, 18-20.  On August 30, 2006, we issued an entry granting the City's summary judgment motion in its entirety.  Our 41-page order included detailed discussion of the termination of Coolidge's employment and an explanation of the reasons her Title VII and Section 1983 claims related to her termination could not withstand summary judgment.  Coolidge II Entry of August 30, 2006 at 9-11, 31-38.

On September 18, 2006, Coolidge filed the case at bar, her third lawsuit against the City ("Coolidge III").  Here, in addition to rehashing the facts relevant to her prior two lawsuits against the City, Coolidge alleges that the City terminated her employment in May 2005 "for producing, through her attorney, the copy of the note showing that another

employee was treated differently from her."[1]  <u>Coolidge III</u> Compl. ¶ 45.  On November

20, 2006, the City moved to dismiss Coolidge's most recent complaint, stating that her

claims are barred by the doctrines of issue preclusion and claim preclusion.

### <u>Legal Analysis</u>

**I.      Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the City has moved to

dismiss this action for failure to state a claim upon which relief may be granted.  A party

moving to dismiss bears a weighty burden.  It must show that the pleadings themselves

fail to provide a basis for any claim for relief under any set of facts.  <u>Ed Miniat, Inc. v.</u>

<u>Globe Life Ins. Group Inc.</u>, 805 F.2d 732, 733 (7th Cir. 1986), <u>cert. denied</u>, 482 U.S. 915

(1987).

As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only

in the case in which the allegations of the complaint clearly demonstrate that a plaintiff

does not have a claim.  <u>Owner-Operator Indep. Drivers Ass'n v. Mayflower Transit, Inc.</u>,

161 F. Supp. 2d 948, 951 (S.D. Ind. 2001) (citing 5A Charles A. Wright and Arthur R.

Miller, Federal Practice & Procedure: Civil § 1357).  In addressing a Rule 12(b)(6)

motion, we treat all well-pleaded factual allegations as true, and we construe all

inferences that reasonably may be drawn from those facts in the light most favorable to

---

[1] Coolidge asserts in her complaint that she complained to the Equal Employment
Opportunity Commission ("EEOC") and received notice of her right to sue on June 20, 2006.
<u>Coolidge III</u> Compl. ¶ 47.

the nonmovant.  <u>Lee v. City of Chicago</u>, 330 F.3d 456, 459 (7th Cir. 2003); <u>Szumny v.</u>

<u>Am. Gen. Fin.</u>, 246 F.3d 1065, 1067 (7th Cir. 2001).

## II.    Issue Preclusion

The City first contends that Coolidge's claims are barred under the doctrine of

issue preclusion (or collateral estoppel), which "foreclos[es] relitigation in a subsequent

action of an issue of law or fact that has been actually litigated and decided in [an] initial

action."  <u>Havoco of Am., Ltd. v. Freeman, Atkins & Coleman, Ltd.</u>, 58 F.3d 303, 307 (7th

Cir. 1995).  <u>See also</u> <u>Montana v. United States</u>, 440 U.S. 147, 153-54 (1979) (issue

preclusion "protects . . . adversaries from the expense and vexation of multiple lawsuits,

conserves judicial resources, and fosters reliance on judicial action by minimizing the

possibility of inconsistent decisions").  The City states that the factual and legal issues

underlying Coolidge's current retaliation and sex discrimination claim based on the

termination of her employment have all been previously considered and decided by this

Court in our prior summary judgment entry; therefore, Coolidge's reasserted claims are

barred from further judicial consideration and/or relief.

Coolidge responds that the issues surrounding her termination "were not actually

decided" and "were not at issue" in <u>Coolidge II</u>; she acknowledges that we "commented

on" facts and arguments regarding her termination in our summary judgment entry, but

maintains that "those were not the issues in the case."  Pl.'s Resp. at 8, 9.  Coolidge

contends that she has not been given a full and fair opportunity to litigate her claims

regarding the termination of her employment.

Coolidge's characterization of the Court's ruling in Coolidge II is patently disingenuous.  Without a doubt, Coolidge had a full and fair opportunity to litigate (and in fact *did* litigate) her claims with respect to the termination of her employment.  Coolidge devoted over ten pages of her summary judgment briefings in Coolidge II to disputing the facts and making legal arguments relevant to her discharge and never disavowed the propriety of addressing the termination issue in that proceeding.  We discussed Coolidge's claims regarding her termination in great detail and ruled, in the clearest of terms, that these claims could not withstand summary judgment.[2]  It is abundantly clear that this issue has been fully litigated and directly ruled upon in our Coolidge II summary judgment entry.  Therefore, Coolidge is barred from relitigating these issues again and the complaint warrants dismissal for failure to state a claim upon which relief can be granted.

### III.  Claim Preclusion

The City also asserts that Coolidge's claims are barred by the doctrine of claim

---

[2] For example, in addition to a detailed analysis of Coolidge's claims, our prior order held that: "[Coolidge] argues that she has established a causal connection between her statutorily protected activity *and her firing*.  Ms. Coolidge's claim is that the City reprimanded *and terminated* her as a direct result of her statutorily protected complaints. . . . We find that Ms. Coolidge has not demonstrated a retaliation claim against the City based on her reprimands *and termination* via the direct method[.] . . . We find that Ms. Coolidge has not demonstrated a claim of retaliation based on the reprimands *and termination* under the burden-shifting method. . . . The City's reasons for Ms. Coolidge's *termination* seem to us again to be reasonable – and in any event, honestly believed. . . . It was the means, not the end, for which Ms. Coolidge was punished by the City *in terminating her employment*[.]" Coolidge II Summary Judgment Entry at 23-38 (emphasis added).

preclusion because her claims arise out of the events underlying Coolidge II.  Under

claim preclusion doctrine, "a final judgment on the merits of an action precludes issues

that were or could have been raised in that action."  Allen v. McCurry, 449 U.S. 90, 94

(1980); Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337, 338 (7th Cir. 1995).

The Seventh Circuit has recently described claim preclusion (or res judicata) as follows:

> A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" . . . Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.
>
> [. . .]
>
> This court has identified three requirements that a party asserting claim preclusion must satisfy: (1) identity of the claim, (2) identity of parties, . . . and (3) a final judgment on the merits.[3]

The parties do not dispute that factors (2) and (3) have been satisfied.  However,

they do dispute whether Coolidge's claims in Coolidge II and Coolidge III are

sufficiently identical to confer preclusive effect barring the present suit.  The Seventh

Circuit has stated that "two claims are one for purposes of res judicata if they are based

on the same, or nearly the same, factual allegations."  Herrmann v. Cencom Cable

Assocs., Inc., 999 F.2d 223, 226 (7th Cir. 1993).  The City contends that, because the

facts surrounding Coolidge's termination were raised and thoroughly discussed by both

---

[3] Ross ex rel. Ross v. Board of Educ., ___ F.3d ___, 2007 WL 1374863 at *3 (7th Cir. May 11, 2007) (internal citations omitted).

parties and the Court during the <u>Coolidge II</u> summary judgment phase, she is barred from litigating her claim again, even though Coolidge's termination was not part of her <u>Coolidge II</u> complaint.

Coolidge rejoins that she is merely following the instructions given to her by this Court in <u>Coolidge I</u>.  Shortly before trial in that case, which concerned conduct that occurred in 1998 and 1999, Coolidge found the pornographic videotapes at the Crime Lab which later became the basis of her <u>Coolidge II</u> sexual harassment claim and requested that they be admissible at trial in <u>Coolidge I</u>.  Judge McKinney denied Coolidge's request on the basis that the videotapes would have to be the basis of a new, separate lawsuit as they surfaced after the time period specified in the complaint and after the <u>Coolidge I</u> EEOC right-to-sue letter was filed.  Coolidge asserts that the same principle governs here and that she cannot be penalized for following the instructions of the Court, noting that multiple suits are permissible (even though not desirable) if the supposed wrongful events are separated by time and function.  <u>Perkins v. Bd. of Trustees of Univ. of Ill.</u>, 116 F.3d 235, 237 (7th Cir. 1997).  Coolidge claims that, in particular, these claims cannot be barred because her EEOC remedies with respect to the termination claim were not exhausted in <u>Coolidge II</u>.[4]

Coolidge is correct that separate suits may be permissible in certain situations, even if they arise from similar facts between identical parties, if certain claims arise

---

[4] Coolidge further emphasizes that the EEOC did not issue a notice of right to sue on Coolidge's termination claim until June 20, 2006.

much later than others.  However, this analysis is inapposite to the situation at bar.  As described earlier in this entry, Coolidge *fully argued* her termination claim in the summary judgment phase of <u>Coolidge II</u> and never protested as to the propriety of our consideration of the claim.  Therefore, her termination was not an "after-arising fact" as she would have us consider it.  The matter has been fully adjudicated and a final decision has been rendered; Coolidge is not entitled to (yet) another bite at the apple.[5]

## <u>Conclusion</u>

Therefore, having found that Coolidge's claims are barred by both the doctrines of issue preclusion and claim preclusion, we <u>GRANT</u> the City's motion to dismiss and enter final judgment accordingly.  IT IS SO ORDERED.

Date: _____     06/12/2007

                                        *Sarah Evans Barker*
                                        SARAH EVANS BARKER, JUDGE
                                        United States District Court
                                        Southern District of Indiana

---

[5] In addition, the fact that Coolidge did not file an EEOC charge specifically related to her termination is not dispositive.  <u>See</u> <u>McKenzie v. Illinois Dept. of Transp.</u>, 92 F.3d 473, 481-82 (7th Cir. 1996) (noting that a "reasonable relationship between the allegations in the [EEOC] charge and the claims in the complaint" is all that is required to satisfy the rule that a plaintiff may only sue based on claims included in the EEOC charge, and stating that a plaintiff "need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint").  <u>See also</u> <u>Havercombe v. Dept. of Educ. of Puerto Rico</u>, 250 F.3d 1, 8 (1st Cir. 2001), in which the plaintiff similarly contended that allegations of discrimination could not have been brought, by amendment or otherwise, in a prior case between the two parties because the EEOC had not then issued a right-to-sue letter based on the later conduct.  The First Circuit found this argument unavailing and ruled that the later claims were precluded, noting that "the lack of a right-to-sue letter would not have prevented plaintiff from notifying the court of his allegations . . . and, if need be, asking for a stay until the EEOC issued him the letter."

Copies to:


Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@fed-law.com

Allison Wells Gritton
OFFICE OF CORPORATION COUNSEL
agritton@indygov.org

James B. Osborn
OFFICE OF CORPORATION COUNSEL
josborn@indygov.org